UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-81420-CIV-ROSENBERG/REINHART

SEMPER FOODS, LLC,

        Plaintiff,

v.

ERIC OUELLETTE, et al.,

        Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO PRESENT EXPERT TESTIMONY AT PRELIMINARY INJUNCTION HEARING

On January 8-10, 2024, I conducted an evidentiary hearing on Plaintiff's Motion for a Preliminary Injunction. ECF No. 8. The hearing has been continued until January 17, 2024. Defense counsel has stated his intent to present testimony from an expert witness who will offer a valuation of Plaintiff Semper Foods, LLC. Defense counsel has argued that this testimony is necessary to refute Plaintiff's breach of contract claim. Specifically, Defendant seeks to introduce the expert's testimony to show the actual value of Defendant's one-third interest in the company when he was terminated in 2023 (approximately $3 million, according to Defendant), which would support Defendant's argument that Plaintiff's payment of $1.00 for his ownership interest (pursuant to Article VIII, subsection D of the Operating Agreement) amounted to an unenforceable penalty provision. ECF No. 22 at 17, n.7. Defendant contends that that the inclusion of this unlawful provision

nullified the entire Operating Agreement, or in the alternative, that Plaintiff's reliance upon it constituted an antecedent breach, thereby relieving Defendant of the Restrictive Covenants in Article XI.

Plaintiff counters that the Operating Agreement contains a severability provision (Article XVI, subsection G), which provides that a determination that one provision is unlawful "will not have the effect of rendering . . . any other provision in this Agreement invalid, inoperative or unenforceable to any extent whatsoever." *Id.*

The Eleventh Circuit has explained how courts should assess a contract's severability:

> In determining whether a contract provision is severable, Florida courts look to the entirety of the agreement. On review of a bilateral contract . . . the governing rule is that "a bilateral contract is severable where the illegal portion of the contract does not go to its essence, and where, with the illegal portion eliminated, there still remains of the contract valid legal promises on one side which are wholly supported by valid legal promises on the other."
>
> Whether a contract is entire or divisible depends upon the intention of the parties. The parties' intention is a matter that may be determined "by a fair construction of the terms and provisions of the contract itself, and by the subject matter to which it has reference."

*Frankenmuth Mut. Ins. Co. v. Escambia Cnty., Fla.*, 289 F.3d 723, 728–29 (11th Cir. 2002) (citations and footnotes omitted).

Here, I reject Defendant's argument that the inclusion of Article VIII, subsection D serves to nullify the Operating Agreement. Even assuming that this provision amounts to an unlawful penalty provision, the Operating Agreement's severability provision reveals the parties' intent that the agreement be divisible. *Id.* at 729 ("[T]he fact that the contract itself contains a severability provision

demonstrates that the parties intended for the contract to be severable."). Moreover, I find that here, the inclusion of the disputed clause, which provides for the "Removal of Members and Officers for Cause" (Article VIII, subsection D), does not go to the essence of the contract. Rather, "the primary promises between the parties remain unchanged in the absence of this clause." *Id.*

With regard to Defendant's alternative argument that Plaintiff's reliance upon the allegedly unlawful provision constituted an antecedent breach, I find that this determination can be made without expert testimony. For these reasons, Defendant's motion to present expert testimony at the preliminary injunction hearing is denied.

**DONE AND ORDERED** in Chambers this 12th day of January, 2024, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE